IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Lisa Michelle Kelly,          )     C/A No. 1:18-cv-3239-DCC
                                  )
             Plaintiff,     )
                                  )
v.                         )     **OPINION AND ORDER**
                                  )
Andrew Saul, Commissioner of Social  )
Security,                         )
                                  )
             Defendant.  )
_____ )

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On December 9, 2019, Magistrate Judge Shiva V. Hodges issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed. ECF No. 23. On December 11, 2019, Plaintiff filed Objections to the Report, and the Commissioner filed a Reply on December 27, 2019. ECF Nos. 24, 25. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## BACKGROUND

On March 24, 2015, Plaintiff filed an application for DIB, alleging a disability onset date of March 9, 2015. Plaintiff's application was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on August 16, 2017. The ALJ denied Plaintiff's application in a

decision issued December 14, 2017. The Appeals Council denied Plaintiff's request for review, making the determination of the ALJ the final decision of the Commissioner.

## DISCUSSION

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff filed objections, claiming the Magistrate Judge erred in determining that the ALJ had properly accounted for Plaintiff's mental restrictions stemming from pain medication and Plaintiff's upper extremity issues.

### I. Mental Restrictions Stemming from Pain Medication

Plaintiff first contends that the Magistrate Judge erred in finding that the ALJ properly explained why he did not place any mental limitations on, or account in any way for, the Plaintiff's maximum residual functional capacity ("RFC") for medication side effects, or the Plaintiff's long-term use of pain medication, as well as her longstanding complaints of fatigue.

The ALJ acknowledged that Plaintiff testified that she takes narcotic pain medication on a daily basis, which helps reduce her symptoms but causes drowsiness and sleepiness. Tr. 28. However, the ALJ found that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." *Id.* Accordingly, the ALJ found that Plaintiff's medication side effects only affect her ability to work "to the extent they can reasonably be accepted as consistent with the objective medical and other evidence." *Id.*

There are references to Plaintiff's fatigue in her medical records. For example, Plaintiff consulted with a sleep specialist due to her "complain[t]s of nonrefreshing sleep and daytime fatigue." Tr. 576. Plaintiff told her sleep specialist that "[h]er fiancé reports loud snoring, episodes of apnea, and snoring through the night." *Id.* As a result of her consultation, the sleep specialist diagnosed Plaintiff with sleep apnea. Tr. 577. Plaintiff was prescribed a CPAP machine to treat her sleep apnea. The ALJ noted that Plaintiff's "sleep apnea symptoms appear to be fairly well controlled with CPAP treatment." Tr. 26. Yet, Plaintiff's records do not contain any references to her pain medication causing drowsiness or sleepiness. In light of this, the Magistrate Judge properly found that substantial evidence supports the ALJ's decision not to include additional restrictions in the RFC to address Plaintiff's claims of drowsiness and fatigue as a result of her pain medication. The Court notes that there is contrary evidence in the record that might lead this Court to reach a different result if it was reviewing the case *de novo*; however, the Court is constrained to affirm the ALJ under the deferential substantial evidence standard of review.

## II.    Upper Extremity Issues

Plaintiff next contends that the Magistrate Judge erred in finding the ALJ properly declined to account for upper extremity limitations in Plaintiff's RFC. The ALJ acknowledged that Plaintiff reported significant upper extremity issues resulting from her radiation treatment, but noted that Plaintiff reported that such treatment only lasted for three months and effectively resolved. Thus, the ALJ found that Plaintiff's upper extremity issues were non-severe and did not meet the durational requirement. In light of this, the Court agrees with the Magistrate Judge that there is substantial evidence to support the

ALJ's finding that Plaintiff's upper extremity issues would have no more than a minimal effect on Plaintiff's ability to work.

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 30, 2020
Spartanburg, South Carolina